Prob 12
(Mod. For E.VA 10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA



U.S.A. vs. Awais Younis                     Docket No. 1:11CR0007-001

### Petition on Supervised Release

COMES NOW Raymond M. Hess, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Awais Younis, who was placed on supervised release by the Honorable T.S. Ellis, III sitting in the Court at Alexandria, Virginia, on the 9th day of March, 2011, who fixed the period of supervision at two (2) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

(See page two)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
See Attachment(s)

PRAYING THAT THE COURT WILL ORDER a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable Date: 10/5/12 @ 9:00 am TSE

ORDER OF COURT

Considered and ordered this 17th day of September, 2012 and ordered filed and made a part of the records in the above case.

T.S. Ellis, III
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9/17/12

Raymond M. Hess
Senior U.S. Probation Officer

Place Alexandria, Virginia

TO CLERK'S OFFICE

Petition on Supervised Release
Page 2
RE: Younis, Awais

OFFENSE: Interstate Threatening Communications, in violation of Title 18, United States Code, Section 875(c).

SENTENCE: On March 9, 2011, the above-named individual appeared before the Honorable T.S. Ellis, III United States District Judge for the Eastern District of Virginia for sentencing on the above charge. On that date, Your Honor sentenced the defendant to time served to be followed by supervised release for a period of two (2) years with the following special conditions: 1) The defendant must participate in, and successfully complete, a program of substance abuse testing and rehabilitation, as directed by the Probation Officer; 2) The defendant must participate in, and successfully complete, a program of mental health and anger management counseling as directed by the Probation Officer. The defendant shall waive all rights of confidentiality regarding substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and treatment provider; 3) The defendant shall pay a $100.00 special assessment due immediately.

The defendant's expiration date is March 8, 2013.

ADJUSTMENT TO SUPERVISION: Notwithstanding the present violation, the defendant's adjustment to supervision has been positive. He recently obtained his degree from George Mason University, he appears for all scheduled appointments, and he submits all monthly reports in a timely manner. The defendant completed substance abuse treatment in September 2011, and received a mental health evaluation from Counseling and Forensic Services which deemed treatment was not needed at that time. The defendant paid his special assessment fee on March 15, 2011.

VIOLATIONS: The following violations are submitted for the Court's consideration.

STANDARD CONDITION: "While on supervision, you shall not commit another Federal, State or Local crime and shall not unlawfully possess a controlled substance, firearm, destructive device or other dangerous weapons. Revocation of supervision is mandatory (unless accepted by the Court) for possession of a controlled substance or firearm or refusing to comply with drug testing."

On August 15, 2012, during an office visit, this officer requested that the defendant submit a urine sample for drug testing. At that time, the defendant stated that he smoked marijuana "last week" and that the sample would be positive for marijuana. A sample was submitted on that date,

Prob 12
(Mod. For E.VA 10/09)

Petition on Supervised Release
Page 3
RE: Younis, Awais

and on August 16, 2012, this test came back positive for marijuana. On August 22, 2012, this test was confirmed positive by Alere Laboratories.

The defendant also tested positive for marijuana on August 21st, 28th and September 10, 2012. These tests are currently being examined by Alere Laboratories to determine if they are residual use from the initial positive test on August 16, 2012 or whether it was new usage.

The defendant is currently on weekly random drug testing and is currently pending a substance abuse evaluation by National Counseling Group.


RMH/lk